## SHELDON *v.* UNITED STATES (No. 522).[1]

1. "SHEARS" DEFINED.

The definition of "shears" in Knight's American Mechanical Dictionary is accepted as correct: A cutting instrument operating like scissors, but on a larger scale and somewhat differently shaped; the edges of the blades are beveled and the handles adapted for thumb and fingers, respectively, instead of being duplicates.

2. HAIR CLIPPERS WITH ROTARY KNIVES NOT SHEARS.

A tool supplied with rotating or reciprocating knives or cutters arranged for clipping the hair short or close is not to be deemed scissors or shears, but is a manufacture of steel not specially provided for, and the importation was properly assessed under paragraph 199, tariff act of 1909.

### United States Court of Customs Appeals, May 29, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24074 (T. D. 31004).

[Affirmed.]

*Curie, Smith & Maxwell* (*W. Wickham Smith* of counsel) for appellant.
*D. Frank Lloyd,* Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The only issue here is one of law. The articles involved are designated in the respective briefs as follows:

By the appellants as—

Certain hair clippers or clipping shears of the kind ordinarily used by barbers, in cutting hair.

---

[1] Reported in T. D. 31657 (20 Treas. Dec., 1163).

By the appellee as—

Clippers for hair and beard.

They are used by barbers for clipping hair and beard. The board in substance described the article as a tool supplied with rotating or reciprocating knives or cutters so arranged as to allow the hair to be clipped close or short. No exhibit is before us and no testimony was taken before the board. The importation was assessed for duty by the collector at 45 per cent ad valorem as "manufactures of steel, not specially provided for" under paragraph 199 of the act of August 5, 1909.

The appellants contend that the articles are shears and dutiable at the rate of 75 cents per dozen, under paragraph 152 of the same act, as scissors or shears valued at over $1.75 per dozen. The Board of General Appraisers sustained the collectors' classification and assessment.

The only question before us is whether these articles are shears, because if not they were clearly correctly assessed by the collector. The apellants at the outset concede that there is no question of commercial designation. The board, from a description of the merchandise given in the record, no sample being before it, considered that the articles were not for tariff purposes included in the provision for scissors and shears in paragraph 152.

The claim of the appellants is that within the common and ordinary understanding of the meaning of the word "shears" the articles here in controversy are shears and should be so treated for duty purposes, while the Government's contention is that the common meaning of the word, especially in the expression "scissors and shears" as it appears in the statute, does not include the articles in question.

As an aid in determining what is the ordinary and common meaning of the word "shears" we insert here its meaning as found in various dictionaries.

Standard Dictionary:

Any large cutting or clipping instrument worked by the crossing of cutting edges. Specifically: (1). An instrument in which two or more blades are made to cross by compressing a spring joint; as, sheep shears; clipping shears. (2). A large pair of scissors; specifically, in trade usage, a pair exceeding six inches in length.

Century Dictionary:

A cutting or clipping instrument consisting of two pivoted blades with beveled edges facing each other, such as is used for cutting cloth, or of a single piece of steel bent round until the blades meet, the elasticity of the back causing the blades to spring open when the pressure used in cutting has ceased. The latter is the kind used by farriers, sheep-shearers, weavers, etc. Shears of the first kind differ from scissors chiefly in being larger. Implements of similar form used for cutting metal are also called shears.

Worcester's Dictionary:

An instrument to cut with, consisting of two blades, usually moving on a pin, between which the thing to be cut, is interposed; a kind of large scissors.

Webster's International Dictionary:

Any of various cutting instruments operating by the action of opposed edges of metal.

Knight's American Mechanical Dictionary:

A cutting instrument, operating like scissors, but on a larger scale and somewhat differently shaped. The edges of the blades are beveled, and the handles adapted for thumb and fingers respectively, instead of being duplicates. They are used for tailors' use.

In various of the dictionaries there will be found more specific definitions of shears having relation to the purpose which they serve, such as tinman's shears, various kinds of bench shears, bar and metal shears, hydraulic shears, and others, and some of the definitions, one of which is embodied in the appellants' brief, as taken from Webster, include "A machine which cuts by means of a blade or set of blades working against a resisting edge, the material to be sheared being between the two."

These more specific definitions, we think, are not the kind of shears that Congress had in mind by the use of the words "scissors and shears" in paragraph 152. If the term "shears" be given the meaning claimed by the appellants, we see no reason why a large number of different tools used for the cutting of various articles, and never in common speech referred to as shears, might not, equally with the hair clippers involved in this case, be entitled to entry as shears. While in a sense the hair clippers involved in this case are, mechanically speaking, shears, yet the word "clippers" has a meaning of its own in the language. To illustrate, the Standard Dictionary defines clippers as, "An instrument for clipping hair, especially of horses"; the Century Dictionary as, "A cutting tool of the nature of shears; specifically, a tool with rotating or reciprocating knives used for cutting hair, and especially for clipping horses"; Knight's American Mechanical Dictionary as, "A machine for clipping hair; * * * one form has a stationary knife and several spiral knives on an axis, acting against the edge of the former. * * * A more usual form has a serrated knife reciprocating shearwise, with a similar plate, stationary or also reciprocating."

We are entirely clear that the word "shears" in the paragraph under consideration is not used in these special or mechanical senses. The common understanding of the word "shears" is admirably expressed in the quotation above, taken from Knight's American Mechanical Dictionary, as—

A cutting instrument operating like scissors, but on a larger scale and somewhat differently shaped. The edges of the blades are beveled, and the handles adapted for thumb and fingers, respectively, instead of being duplicates.

We think the term "barbers' hair clippers" or "clippers" in common understanding has come to have as fixed a meaning in the

English language, although perhaps not yet so generally used, because the clippers are not of so common use, as have the words "scissors" or "shears," and while it might be technically correct to order these hair clippers as clipping shears or shears, nevertheless we doubt if an order for shears of any given size were made without accompanying language suggesting that these tools with rotating or reciprocating knives or cutters were what 'was desired, such order would be filled by sending hair clippers like those involved here, while an order for hair clippers would undoubtedly be readily understood to mean articles similar or like those in question.

The conclusion we reach is that the word "shears" as used in paragraph 152 does not include such articles as the hair clippers involved in this case, and we do not therefore consider or determine the further contention of the Government made in the concluding part of its brief and argument that the protest is insufficient.

The judgment of the Board of General Appraisers is *affirmed*.

DE VRIES, Judge, did not sit at the hearing or participate in the decision.